Gerrit M. Pronske
State Bar No. 16351640
Rakhee V. Patel
State Bar No. 00797213
Christina W. Stephenson
State Bar No. 24049535
PRONSKE & PATEL, P.C.
2200 Ross Avenue, Suite 5350
Dallas, Texas 75201
(214) 658-6500 - Telephone
(214) 658-6509 – Telecopier
Email: gpronske@pronskepatel.com
Email: rpatel@pronskepatel.com
Email: cstephenson@pronskepatel.com

**COUNSEL FOR SEQUOIA STONEBRIAR
LEASECO, LLC, DEBTOR AND DEBTOR IN POSSESSION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **SEQUOIA STONEBRIAR LEASECO, LLC,** | § § § | **CASE NO. 09-35216-sgj-11** |
| | § | |
| Debtor. | § | **Chapter 11** |

**MOTION TO ASSUME UNEXPIRED TENANT
LEASES PURSUANT TO 11 U.S.C. § 365**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Sequoia Stonebriar LeaseCo, LLC ("Debtor" or "Sequoia"), debtor and debtor-in-possession, and hereby submits this *Motion to Assume Unexpired Leases Pursuant to 11 U.S.C. § 365* (the "Motion") pursuant to Section 365 of Title 11 of the United States Code (the "Bankruptcy Code"). In support of this Motion, the Debtor respectfully represents as follows:

**I.    JURISDICTION AND VENUE**

1.    The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for relief requested herein is Section 365 of the Bankruptcy Code.

## II. BACKGROUND

3. On August 5, 2009 (the "Petition Date"), the Debtor filed for bankruptcy protection under Chapter 11of the Bankruptcy Code.

4. The Debtor, a Texas limited liability company, manages and operates a 306 unit luxury apartment complex known as the Sequoia Stonebriar (the "Property"). The Property is located in Frisco near the intersection of Legacy Drive and State Highway 121 at 5200 Town and Country Road, with views overlooking Stonebriar Country Club. Title to the Property is vested in approximately thirty-three separate entities as tenants-in-common (the "TICs"). The TICs were formed for the sole purpose of owning the Property. Debtor, by and through a management agreement with Sequoia Real Estate Management, L.P., operates and manages the Property for the TICs pursuant to that certain *Master Lease Agreement* (the "Master Lease") and the rights and duties between the Debtor and the TICs are further defined in that certain *Tenants-in-Common Agreement* (the "TIC Agreement")(collective the "Agreements"), both dated as of August 10, 2007.

5. The Debtor continues to manage the Property, and is a party as lessor to a number of unexpired leases. A list of all the unexpired leases as of November 2, 2009 is attached hereto as **Exhibit "A"** (collectively the "Lease Agreements") and is incorporated herein.

## III. BASIS FOR RELIEF

6. Pursuant to Section 365(a) of the Bankruptcy Code a debtor in possession "may assume or reject any executory contract or unexpired lease of the debtor" upon approval of the court. 11 U.S.C. § 365(a).

**MOTION TO ASSUME UNEXPIRED TENANT LEASES PURSUANT TO 11 U.S.C. § 365 – Page 2**

7. Section 365(d)(2) of the Bankruptcy Code goes further to explain that in a chapter 9, 11, 12, or 13 case, the trustee may assume or reject an executory contract or unexpired lease of residential real property at any time before the confirmation of a plan but the court, on request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such a contract or lease. *See* 11U.S.C. § 365(d)(2). An unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of: (i) the date that is 120 days after the date of the order for relief; or (ii) the date of the entry of an order confirming the plan. *See* 11 U.S.C. § 365(d)(4)(A).

8. Pursuant to Section 301 of the Bankruptcy Code, the filing of a voluntary petition for bankruptcy constitutes an order for relief under the chapter in which the petition was filed. *See* 11 U.S.C. § 301(b). The Debtor filed a voluntary petition on the Petition Date, August 5, 2009; thus, the 120 day period does not expire until December 3, 2009.

9. First, the Debtor contends that the unexpired leases listed on Exhibit A are "residential leases" and thus are not subject to Section 365(d)(4). Further, the Debtor is the "lessor" to the unexpired leases listed on Exhibit A and thus is not required to make a determination on those leases until confirmation.[1] However, out of an abundance of caution, the Debtor files this Motion in order to remove any doubts as to its intentions regarding the unexpired leases listed on Exhibit A.

10. In the continued operation of the Debtor's business, the Debtor will have a continuing need for the income flowing from the Lease Agreements. The Debtor has determined

---

[1] The Debtor acknowledges that actually, pursuant to the Master Lease, it is subletting the units to the Individual Defendants and is a lessee to the Master Lease. Nonetheless, in the context of the leases listed on Exhibit A, the Debtor is in the position of a lessor and thus contends that Section 365(d)(2) does not apply to it.

**MOTION TO ASSUME UNEXPIRED TENANT LEASES PURSUANT TO 11 U.S.C. § 365 – Page 3**

in the reasonable exercise of its business judgment that the Lease Agreements are necessary for an effective reorganization, and that its estate and creditors will benefit from the assumption of the Lease Agreements. Leasing the units at the Property is the Debtor's primary business; thus, any rejection of those leases would be detrimental to the Debtor's business and would provide absolutely no benefit to the Debtor's estate. Accordingly, Debtor respectfully requests that the Court grant this Motion to Assume Unexpired Leases pursuant to 11 U.S.C. § 365.

### IV.  RELIEF REQUETED

11. Pursuant to Section 365 of the Bankruptcy Code, the Debtor hereby seeks to assume each of the leases listed in Exhibit A as those leases existed as of the Petition Date.

12. With regard to the Master Lease, the Debtor has filed simultaneously with this Motion its *Motion to Extend Time to Assume or Reject the Master Lease.* By this Motion, the Debtor does not wish to extend any of the leases listed in Exhibit A beyond what the terms of those leases state, but merely wishes to assume, out of an abundance of caution, each of the Lease Agreements as they operated in the ordinary course of business as of the Petition Date.

13. There are no defaults on the Lease Agreements, therefore no cure is required prior to assumption. Assumption of the leases is in the best interests of the Debtor's bankruptcy estate.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests the Court grant the relief requested herein and such other and further relief as the Court may deem proper.

Dated: November 9, 2009

Respectfully submitted,

/s/ Rakhee V. Patel
Gerrit M. Pronske
Texas Bar No. 16351640
Rakhee V. Patel
Texas Bar No. 00797213
Christina W. Stephenson
Texas Bar No. 24049535
PRONSKE & PATEL, P.C.
2200 Ross Avenue, Suite 5350
Dallas, Texas 75201
Telephone: 214.658.6500
Facsimile: 214.658.6509
Email: gpronske@pronskepatel.com
Email: rpatel@pronskepatel.com
Email: cstephenson@pronskepatel.com

**COUNSEL FOR SEQUOIA STONEBRIAR LEASECO, LLC, DEBTOR AND DEBTOR IN POSSESSION**

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on November 9, 2009 I caused to be served the foregoing pleading upon the parties on the attached Master Service List via the Court's electronic transmission facilities and/or United States mail, first class delivery.

/s/ Rakhee V. Patel
Rakhee V. Patel