Gerrit M. Pronske
State Bar No. 16351640
Rakhee V. Patel
State Bar No. 00797213
Christina W. Stephenson
State Bar No. 24049535
PRONSKE & PATEL, P.C.
2200 Ross Avenue, Suite 5350
Dallas, Texas 75201
(214) 658-6500 - Telephone
(214) 658-6509 – Telecopier
Email: gpronske@pronskepatel.com
Email: rpatel@pronskepatel.com
Email: cstephenson@pronskepatel.com

**COUNSEL FOR SEQUOIA STONEBRIAR
LEASECO, LLC, DEBTOR AND DEBTOR IN POSSESSION**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **SEQUOIA STONEBRIAR LEASECO, LLC,** | § § § | **CASE NO. 09-35216-sgj-11** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**THIRD MOTION TO EXTEND TIME TO ASSUME OR REJECT THE
MASTER LEASE PURSUANT TO 11 U.S.C. § 365(d)(4)(B)**

TO THE HONORABLE STACEY G. JERNIGAN
UNITED STATES BANKRUPTCY JUDGE:

Sequoia Stonebriar LeaseCo, LLC (the "Debtor" or "Sequoia"), debtor and debtor-in-possession, hereby submits this *Third Motion to Extend Time to Assume or Reject the Master Lease Pursuant to 11 U.S.C. § 365(d)(4)(B)* (the "Motion"). In support of the Motion, the Debtor respectfully represents as follows:

### I. JURISDICTION AND VENUE

1. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding and this Motion is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409.

2. The statutory basis for relief requested herein is Section 365 of the Bankruptcy Code.

## II. BACKGROUND

3. On August 5, 2009 (the "Petition Date"), Debtor filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code.

4. The Debtor, a Texas limited liability company, manages and operates a 306 unit luxury apartment complex known as the Sequoia Stonebriar (the "Property"). The Property is located in Frisco near the intersection of Legacy Drive and State Highway 121 at 5200 Town and Country Road, with view overlooking Stonebriar Country Club. Title to the Property is vested in approximately thirty-three separate entities as tenants-in-common (the "TICs"). The TICs were formed for the sole purpose of owning the Property. Debtor, by and through a management agreement with Sequoia Real Estate Management, L.P., operates and manages the Property for the TICs pursuant to that certain *Master Lease Agreement* (the "Master Lease") and the rights and duties between the Debtor and the TICs are further defined in that certain *Tenants-in-Common Agreement* (the "TIC Agreement")(collective the "Agreements"), both dated as of August 10, 2007.

5. On or about December 3, 2009, an agreed order was entered extending the deadline to assume or reject the Master Lease until March 2, 2010 (the "Agreed Order") (Docket No. 105).

6. The Debtor continues to manage the Property, and is a party as lessor to a number of unexpired leases with a number of tenants (the "Individual Tenants").

7. On or about March 2, 2010, Debtor filed its *Second Motion to Extend Time to Assume or Reject the Master Lease Pursuant to 11 U.S.C. § 365(d)(4)(B)* (Docket No. 127) (the

**THIRD MOTION TO EXTEND TIME TO ASSUME OR REJECT THE MASTER LEASE PURSUANT TO
11 U.S.C. § 365(d)(4)(B) – Page 2**

"Second Lease Motion") requesting an extension of the deadline up to and including April 16, 2010.  On March 2, 2010, the Court entered an *Order Granting Second Motion to Extend Time to Assume or Reject the Master Lease Pursuant to 11 U.S.C. § 365(d)(4)(B)* (Docket No. 128).  Contemporaneous with the filing of the Second Lease Motion, the Debtor filed its *Agreed Second Motion to Extend Exclusive Time to File and Confirm Debtor's Plan of Reorganization* (the "Agreed Second Exclusivity Motion") (Docket No. 126) requesting an extension of the exclusive right to file a plan of reorganization up to an including April 16, 2010, and an extension of the exclusive time to confirm a plan of reorganization up to and including June 15, 2010.

8. At a hearing on January 4, 2010, the Court ordered mediation between the parties. The parties have reached preliminary agreement on most material issues and are presently making progress on resolving the remaining open issues and documenting that agreement. Accordingly, this motion is necessary to preserve the Debtor's leasehold rights pending completion of the settlement documentation and closing.

9. Contemporaneous with the filing of this Motion, the Debtor and Sequoia Stonebriar, LP are filing their *Joint Third to Extend Exclusive Time to File and Confirm Debtor's Plan of Reorganization* requesting an extension of the exclusive right to file a plan of reorganization up to an including June 4, 2010, and an extension of the exclusive time to confirm a plan of reorganization up to and including August 3, 2010.

### III. BASIS FOR RELIEF

10. Pursuant to Section 365(a) of the Bankruptcy Code a debtor in possession "may assume or reject any executory contract or unexpired lease of the debtor" upon approval of the court.  11 U.S.C. § 365(a).

11. Section 365(d)(2) of the Bankruptcy Code goes further to explain that in a chapter 9, 11, 12, or 13 case, the trustee may assume or reject an executory contract or unexpired lease of residential real property at any time before the confirmation of a plan but the court, on request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such a contract or lease. *See* 11U.S.C. § 365(d)(2). An unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of: (i) the date that is 120 days after the date of the order for relief; or (ii) the date of the entry of an order confirming the plan. *See* 11 U.S.C. § 365(d)(4)(A).

12. Pursuant to section 365(d)(4)(B), the court may extend the 120 day period for 90 days on the motion of the trustee or lessor for cause. 11 U.S.C. § 365(d)(4)(B)(i). Furthermore, the court may grant a subsequent extension upon consent of the lessor. 11 U.S.C. § 365(d)(4)(B)(ii). The Debtor was granted a 90-day extension pursuant to Section 365(d)(4)(B) pursuant to the Agreed Order.

13. All of the landlords, with whom the Debtor is also in negotiations, have agreed to the Debtors request for an extension of the deadline up to and including June 4, 2010. All of the TICs, the landlords under the Master Lease have agreed in writing, as evidenced by execution of the signature blocks below or by the correspondence attached hereto as **Exhibit A**, to a further extension of the deadline to assume or reject the Master Lease until June 4, 2010. Thus, the Court may enter a further extension of the deadline to assume or reject pursuant to Section 365(d)(4)(B).

14. Furthermore, cause exists in this case to extend the time to assume or reject the Master Lease because although the parties have reached preliminary agreement on most material issues and are presently making progress on resolving the remaining open issues, additional time is necessary to resolve remaining issues and document a final agreement.

15. To avoid prejudice to the estate and preserve the bankruptcy estate's leasehold rights pending execution of settlement documents, an extension of the deadline is necessary.

16. Accordingly, cause exists and consent has been granted by all of the lessors sufficient to satisfy the requirements of Section 365(d)(4)(B).

## IV.    RELIEF REQUESTED

17. Pursuant to Section 365(d)(4)(B) of the Bankruptcy Code, the Debtor hereby seeks to extend the deadline to assume or reject the Master Lease until June 4, 2010. The requested extension is in the best interests of the Debtor's bankruptcy estate.

18. The Debtor reserves its right to file a brief in support of this relief should the Court require it.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully requests the Court grant the relief requested herein and such other and further relief as the Court may deem proper.

Dated: April 15, 2010                              Respectfully submitted

/s/ Rakhee V. Patel
Gerrit M. Pronske
Texas Bar No. 16351640
Rakhee V. Patel
Texas Bar No. 00797213
Christina W. Stephenson
Texas Bar No. 24049535
PRONSKE & PATEL, P.C.
2200 Ross Avenue, Suite 5350
Dallas, Texas 75201
Telephone: 214.658.6500
Facsimile: 214.658.6509
Email: gpronske@pronskepatel.com
Email: rpatel@pronskepatel.com
Email: cstephenson@pronskepatel.com

**COUNSEL FOR SEQUOIA STONEBRIAR LEASECO, LLC, DEBTOR AND DEBTOR IN POSSESSION**

**and**

/s/ Troy Savenko
Troy Savenko (Admitted Pro Hac Vice)
VA Bar No. 44516
GREGORY KAPLAN, PLC
7 East Second Street (23224-4253)
P.O. Box 2470
Richmond, Virginia 23218-2470
Telephone: (804) 423-7921
Facsimile: (804) 230-0024
E-mail: tsavenko@gregkaplaw.com

**COUNSEL FOR THE GK TICS**

       **and**

       **SEQUOIA STONEBRIAR 6 LP**

**By:** /s/ Stephen P. Tompkins
Stephen P. Tompkins
Name
Manager _of General Partner,
Sequoia Stonebriar 6 GP, LLC
Title

       **SEQUOIA STONEBRIAR 13 LP**

**By:** /s/ Deborah M. DeBow
Deborah M. DeBow
Name
Co-Trustee of Limited Partner
Title

       **SEQUOIA STONEBRIAR 24 LP**

**By:** /s/ Lynda K. Sadis
Lynda K. Sadis
Manager _of General Partner,
Sequoia Stonebriar 24 GP, LLC
Title

       **SEQUOIA STONEBRIAR 26 LP**

**By:** /s/ Apostol Laske
Apostol Laske
Manager _of General Partner,
Sequoia Stonebriar 26 GP, LLC
Title

## CERTIFICATE OF CONFERENCE

I, the undersigned, hereby certify that, on April 15, 2010, I conferred with Meagan Martin, counsel for lender, and Leslie Skiba for Troy Savenko, counsel for the GK TICs, respectively regarding the substance and merits of this motion. Both Ms. Martin and Mr. Savenko agreed to the relief sought herein. Further, during the week of April 12, 2010, either my office, representatives of the Debtor, and/or Mr. Patrick Coffin, conferred with the unrepresented TICs as listed on the above signature blocks and the attached Exhibit "A," regarding the substance and merits of this motion. All unrepresented parties we contacted indicated that they were unopposed to the relief sought herein. As of the time of filing, we were unable to reach Mr. Howard Brinkerhoff, Manager of the General Partner of Sequoia Stonebriar 16 LP, Sequoia Stonebriar 16 GP, LLC. Sequoia Stonebriar 16 LP is a 1.477% owner of the Property. Thus, the Debtor has obtained written approval of 98.523% of the TICs. The Debtor will supplement this Certificate of Conference upon contact with Mr. Brinkerhoff.

/s/ Christina W. Stephenson
Christina W. Stephenson

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that, on April 15, 2010, I caused to be served the foregoing pleading upon the parties on the attached service list and the creditor matrix via electronic transmission and/or United States mail, first class delivery.

/s/ Rakhee V. Patel
Rakhee V. Patel